FILED

August 28, 2017

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 11:42 AM



**TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS**
**IN THE COURT OF WORKERS' COMPENSATION CLAIMS**
**AT NASHVILLE**

| | | |
|---|---|---|
| **TONYA BAKER,** | ) | |
| **Employee,** | ) | **Docket No. 2017-06-0070** |
| **v.** | ) | |
| | ) | |
| **ELECTROLUX,** | ) | |
| **Employer,** | ) | **State File No. 72513-2016** |
| | ) | |
| **And** | ) | |
| | ) | |
| **AGRI GENERAL INSURANCE,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

**EXPEDITED HEARING ORDER GRANTING IN PART AND DENYING IN PART REQUESTED BENEFITS**

This matter came before the Court on August 3, 2017, upon Tonya Baker's Request for Expedited Hearing for medical and temporary disability benefits. Ms. Baker sought: payment for medical bills from treatment received at the emergency room and from her personal medical provider, a change in her authorized treating physician, and temporary disability payments. Electrolux argued that Ms. Baker cannot succeed at a hearing on the merits in proving her entitlement to any of these benefits. It specifically contended that it provided Ms. Baker medical treatment for her injury and she continues to have access to treatment from the authorized treating physician.

For the reasons set forth below, the Court holds Ms. Baker is likely to succeed at a hearing on the merits in proving her entitlement to a new panel of physicians. She is, however, unlikely to prevail on her request for temporary disability benefits or payment of bills from treatment received at the emergency room and from her personal medical provider.

**History of Claim**

On September 19, 2016, Ms. Baker slipped in water and fell in the breakroom at Electrolux. The parties agreed the incident is compensable.

Ms. Baker chose Dr. Daniel Burval from a panel to serve as the authorized treating physician. Dr. Burval initially diagnosed a lumbar strain, low back pain and right-leg sciatica. He prescribed Ms. Baker tramadol, recommended physical therapy, and told her to return in two weeks.

Ms. Baker, however, continued to have numbness and tingling in her leg. Instead of returning to Dr. Burval, she sought care at the emergency room, where she received a CT scan. The scan indicated a diffused disc bulge. According to her discharge paperwork, the emergency room diagnosed Ms. Baker with sciatica.

Approximately two weeks after her visit to the emergency room, Ms. Baker returned to Dr. Burval and continued to complain of sciatic symptoms. Dr. Burval sent her for an MRI. The MRI revealed a "minimal disc bulge" at the L4-5 vertebral level. According the Dr. Burval, the MRI showed no evidence of nerve root involvement to support a diagnosis of sciatica, even though Ms. Baker's symptoms indicated the condition. Dr. Burval expected the symptoms would resolve over time. On October 19, Dr. Burval released Ms. Baker to return to work without restrictions and assigned a 0% impairment rating.

After her release, Ms. Baker returned to work at Electrolux, but her pain continued. On October 21, she visited the emergency room for treatment and received a diagnosis of sciatica. After this visit, Ms. Baker said that an unidentified person from Electrolux called her at home and "told her not to come back."

Ms. Baker returned to Dr. Burval on November 9 at the request of her nurse case manager. According to the treatment notes, Dr. Burval again told Ms. Baker he found no objective reason for the sciatica:

> I am at a loss for the cause of her symptoms, as I am unable to find any objective injury related to the spine . . . I explained to her that she always has the right for a second opinion, and unfortunately I am unable to determine the cause of her pain. I realize that an ER will tell her that she is having sciatica. Her primary care doctor will tell her that she is having sciatica because that is the symptom that she is having; however, there is no objective evidence of any neurological compression or instability that could cause sciatica. I shared with her my frustration, and I wished her the best.

Ms. Baker never returned to Dr. Burval after this appointment but testified concerning her dissatisfaction with the care he provided. She stated that at her last visit, Dr. Burval "was really nasty with me." She described Dr. Burval "snatching" her by the arm, turning her around, pulling up her shirt, and pressing on her back. She said Dr. Burval did this without warning and in front of the workers' compensation "social

worker," who is male.[1]   After this encounter, Ms. Baker testified that she asked for another doctor but did not receive one.

While treating with Dr. Burval, Ms. Baker also received treatment from a personal provider, a nurse practitioner at North Crest Family Healthcare.   This practitioner diagnosed Ms. Baker with sciatica and related the condition to Ms. Baker's workplace accident.   According to Ms. Baker, the nurse practitioner referred her to another orthopedic physician who administered injections to Ms. Baker's back.  However, Ms. Baker provided no medical records concerning the injections.

When asked whether she had informed the insurance carrier she intended to have the injection, Ms. Baker replied, "No, I was released."  However, on cross-examination, she admitted no one told her she could not go back to Dr. Burval.  Soon after though, Ms. Baker stated the following in her redirect testimony:

> [Defense counsel] said no one said I couldn't go back to Dr. Burval, but, if I was told to stay at home and find out what was wrong with me on my own, that's basically saying, you know, "we're done with it."   So I wouldn't think to say: could I go back [to Dr. Burval]?

Ms. Baker testified that she suffers from pain every day since the accident but had no back issues before the accident.  She described her injury as "life changing" and said she can no longer run or pick up her granddaughter and still suffers pain while performing her work.  She asked that the Court order Electrolux to pay her emergency room bills and the bills from her private physician.  However, she failed to introduce any of these bills at the expedited hearing.[2]  She also sought temporary disability benefits but admitted that no doctor had issued restrictions or taken her off from work.

At the conclusion of the hearing, the Court granted Electrolux additional time to file a post-trial brief addressing Ms. Baker's request for appointment of a new authorized treating physician before rendering its decision.  Electrolux filed its brief on August 11, 2017.

## Findings of Fact and Conclusions of Law

In order to prevail at an Expedited Hearing, Ms. Baker must provide sufficient evidence from which this Court can determine that she is likely to prevail at a hearing on

---

[1] The Court understands Ms. Baker as using the phrase "social worker" to describe the nurse case manager.

[2] Exhibit 4 contains two bills from Dr. Burval, which defense counsel agreed should be paid, and one explanation of benefits.

the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2016). The Court holds that Ms. Baker would likely succeed at a hearing on the merits in proving her entitlement to a new panel of the physicians. All her remaining requests for relief are denied at this time. Ms. Baker suffered an "injury" as defined by the Workers' Compensation Law when she slipped and fell in the breakroom. *See id.* at § 50-6-102(14). Upon notice of the injury, Electrolux fulfilled its duty to render medical care by providing Ms. Baker a panel of physicians from which she selected Dr. Burval to serve as the authorized treating physician. *See id.* at § 50-6-204(a)(3)(A)(i).

At the hearing, Ms. Baker claimed the statements of Dr. Burval during her final visit with him, coupled with Electrolux's statement that she should not come back to work, gave her the impression she could not return to Dr. Burval for treatment. Electrolux countered that Ms. Baker could return to Dr. Burval if she wished; however, it presented no evidence in support of this position. For her part, Ms. Baker provided somewhat equivocal testimony on the subject. She agreed that no one told her she could not go back to Dr. Burval but also stated that she had been "released." Additionally, she testified: "[Defense counsel] said no one said I couldn't go back to Dr. Burval, but, if I was told to stay at home and find out what was wrong with me on my own, that's basically saying, you know, 'we're done with it.'"

Dr. Burval's notes made no mention of seeing Ms. Baker again. At her last visit, Dr. Burval maintained that Ms. Baker did not have sciatica, despite her sciatic symptoms. He stated in his medical notes that he was "at a loss for the cause of her symptoms," placed her at maximum medical improvement, released her to return to work at full duty and "wished her the best." Although he knew Ms. Baker continued to suffer from sciatic symptoms, Dr. Burval did not schedule a follow-up appointment or indicate she could return to him if her pain persisted.

While Dr. Burval maintained Ms. Baker did not have sciatica, an emergency room physician and a nurse practitioner disagreed. According to Ms. Baker, the nurse practitioner referred her to another orthopedic physician, who administered injections in her back.

The undersigned is not a doctor and has no idea whether Ms. Baker has sciatica: two providers say she does and the authorized treating physician says she does not. However, all the medical providers agree that Ms. Baker continues to suffer from symptoms of the condition. Furthermore, according to her testimony, which this Court finds credible, she suffered from pain every day since the accident but had no pain or back issues before it occurred. After the accident, she lost the ability to run and pick up her grandchild. Ms. Baker said the injury changed her life. Based on these facts, the Court finds that Electrolux initially provided Ms. Baker with appropriate medical care. However, when the care failed to resolve the pain she experienced following her work

4

injury, instead of referring Ms. Baker for other treatment options, Dr. Burval released her from care. Under these circumstances, the Court holds that Ms. Baker still suffered from painful symptoms related to her workplace accident, yet had no authorized treating physician to treat those symptoms after Dr. Burval released her on November 9, 2016.

For these reasons, the Court holds Ms. Baker would likely prevail at a hearing on the merits in proving her entitlement to additional medical treatment, in this case, a new panel of physicians.

Ms. Baker also seeks payment for medical bills from treatment she received at the emergency room and from her private physician. The Court holds she is not entitled to those benefits at this time. If an employer fails to provide a panel, it risks having to pay for all reasonable and necessary medical expenses incurred by an employee for treatment with an unauthorized physician and also risks having to provide continuing care with the unauthorized physician. *See Young v. Young Electric*, 2016 TN Wrk. Comp. App. Bd. LEXIS 24 at *16-17 ( May 25, 2016). Here, Electrolux provided Ms. Baker a panel, and she received authorized care with Dr. Burval. Her visits to the emergency room and her visit to her private physician all occurred before Dr. Burval released her on November 9, 2016. Additionally, Ms. Baker failed to present any bills for the unauthorized treatment. Thus, the Court holds she is unlikely to prevail at a hearing on the merits in proving her entitlement to payment for any unauthorized care she received before Dr. Burval released her.

Finally, Ms. Baker requested temporary disability benefits. In order to recover temporary total disability benefits, Ms. Baker must show (1) she is totally disabled and unable to work due to a compensable injury, (2) the work injury and inability to work are causally connected, and (3) the duration of the disability. *Jewell v. Cobble Constr. and Arcus Restoration,* 2015 TN Wrk. Comp. App. Bd. LEXIS 1, at *21 (Jan. 12, 2015). She failed to establish any of these criteria. The Court denies her request for temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Electrolux shall provide Ms. Baker a new panel of physicians from which she shall select one to serve as the authorized treating physician.

2. Ms. Baker's requests for temporary disability benefits and for payment of medical bills from unauthorized providers are denied at this time.

3. This matter is set for a Scheduling Hearing on **October 23, 2017, at 10:00 a.m. (CDT)**. The Court will convene the hearing via telephone. You must call 615-741-2113 or toll-free at 855-874-0474 to participate in the Hearing.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED ON THIS THE 28TH DAY OF AUGUST, 2017.**

_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

6

# **APPENDIX**

Exhibits:

1. Medical Records
2. Affidavit of Terrence Daniels
3. Wage Statement
4. Medical Bills
5. Incident Report
6. First Report of Injury

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Electrolux's Post Trial Brief

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the _28th_ day of August, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| **Tonya Baker** | X | | X | 806 Perry Drive<br>Springfield, TN 37172<br>tbigbee2015@gmail.com |
| **Richard Clark** | | | X | rclark@eraclides.com |

_____
**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**